IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MAINE

| | | |
|---|---|---|
| MOREQUITY, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-00104-GZS |
| | ) | |
| CLAIRE B. HARRIS | ) | |
| | ) | |
| WILLIAM J. HARRIS | ) | |
| | ) | |
| EDWARD GATTA, JR. and | ) | |
| | ) | |
| JONATHAN P. VACCARO | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendants | ) | |

**JUDGMENT OF FORECLOSURE AND SALE AND ORDER
TITLE TO REAL ESTATE INVOLVED**

Without hearing and no opposition pursuant to Rule 7(c) and on Affidavits, the Court finds that there is cause for granting Morequity, Inc. ("Morequity")'s Motion for Summary Judgment, and the Court specifically finds that there has been a breach of conditions in Morequity's Mortgage, that there is due Morequity on said Note and Mortgage the principal amount of $285,517.05, interest thereon to May 31, 2006, in the amount of $11,117.33 with additional interest accruing on said principal balance at a rate of 6.675% per year, escrow advances of $2,615.55, late charges of $485.90, corporate advances of $4,428.18 and attorneys' fees and costs of $1,461.51, plus any additional fees and costs incurred through and including the sale of the property.

The order of priority of the liens is:

a. First to Morequity on its Mortgage, dated December 22, 2004 and recorded in the Cumberland County Registry of Deeds in Book 22175, Page 84, in the principal amount of $285,517.05, interest thereon to May 31, 2006, in the amount of $11,117.33, together with additional interest and costs as set forth above.
b. Second to Edward Gatta, Jr. and Jonathan P. Vaccaro, by virtue of the Mortgage from William B. Harris, dated September 10, 2005, and recorded in Book 23510, Page 205, together with an Allonge to Note and Agreement to Amend Mortgage, dated October 27, 2005 and recorded in Book 23319, Page 80; in the principal amount of $55,000 and interest in

      the amount of $5,092.86 as of November 15, 2006, together with interest accruing at the rate of $12.06 per day, all as more fully set forth in the Affidavit of Edward Gatta, Jr., dated November 16, 2006 and filed with the Court.

  c. Third to the United States of America by virtue of the Notice of Federal Tax Lien Under Internal Revenue Laws against Defendant, William J. Harris, recorded on April 5, 2006 in Book 23823, Page 245 in the amount of $14,766.93 as of October 24, 2006, together with additional interest and costs accruing, all as more fully set forth in the Affidavit of United States of America, dated October 24, 2006, and filed with the Court.

WHEREFORE, it is hereby expressly directed that an entry of Judgment of Foreclosure and Sale be made in favor of Morequity on its Complaint for Foreclosure by Civil Action, and, therefore, it is hereby ordered and decreed that if the Harrises, their heirs and assigns, do not pay to Morequity, its successors and assigns, the amount of the total claim due together with accrued interest and other charges as set forth above within ninety (90) days of the date hereof, then Morequity, its successors and assigns, shall be entitled to exclusive possession of the real estate, and Morequity may sell the Harris' real estate, subject to the United States Government's right of redemption under 28 U.S.C. §2410(c) and 26 U.S.C. §7425, pursuant to 14 M.R.S.A. §6321 et seq., and disburse the proceeds of the sale, after deducting the expenses thereof, first to Morequity, its successors and assigns, in the amount of the total claim due, plus accrued interest and other charges to the date of the sale on its mortgage as set forth in paragraph a above; Second to Edward Gatta, Jr. and Jonathan P. Vaccaro, by virtue of the Mortgage and Allonge to Note and Agreement to Amend Mortgage as set forth in paragraph b. above and third to United States of America by virtue of the Notice of Federal Tax Lien Under Internal Revenue Laws as set forth in paragraph c. above. Should there be any surplus funds remaining, said surplus shall be turned over to the Defendants.

An execution shall issue against the Harrises for any deficiency, provided that the statutory requirements are met.

The Harrises and all other occupants are Ordered to vacate the real estate upon expiration of the statutory ninety (90) day redemption period if the Harrises have not by that date redeemed the real estate in accordance with statutory procedure. A Writ of Possession shall be issued to Morequity against the Harrises and all other occupants for possession of said real estate if it is not redeemed as aforesaid.

Pursuant to 14 M.R.S.A. §2401, sub-§3, I hereby certify that all parties have received all required notice of the proceedings and that all notice has been given in accordance with the applicable provisions of the Federal Rules of Civil Procedure and if the notice was served or given pursuant to an order of a court, including service by publication, that the notice was served or given pursuant to the order.

The names and addresses of all parties to this action and their counsel are as follows:

Morequity
c/o Benjamin P. Campo, Jr., Esq.
Drummond & Drummond, LLP
One Monument Way
Portland, ME  04101
Bar No. 9334

Claire B. Harris
William J. Harris
5 Bartley Avenue
Portland, ME 04103
Counsel: None

Edward Gatta, Jr.
Jonathan P. Vaccaro
c/o Donald A. Fowler, Jr., Esq.
P.O. Box 576
Kingfield, ME 04947-0576
Bar No. 1266

United States of America
Wendy Kisch, Trial Attorney
U.S. Department of Justice
Tax Division, Civil Trial, Northern
Ben Franklin Station
Box 55
Washington, D.C. 20044

The real estate, which is the subject of this foreclosure action, is situated at 5 Bartley Avenue, Portland, Maine, being more particularly described in Exhibit A attached hereto.

Morequity is Ordered, after the expiration of the appeal period, to record an attested copy of this Judgment of Foreclosure and Sale and Order in the Cumberland County Registry of Deeds and shall pay for the associated recording fees.

3

The Clerk is specifically directed to enter this Judgment on the civil docket by a notation incorporating it by reference.

SO ORDERED.

      /s/ George Z. Singal
United States Chief District Judge

Dated this 18th day of December 2006.